```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES STANGO,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

15-CV-8601 (JSR) (JLC)
00-CR-1118-14 (JSR)

**REPORT AND RECOMMENDATION**

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Jed S. Rakoff, United States District Judge:**

Charles Stango ("Stango"), currently incarcerated at the Essex County Correctional Facility in Newark, New Jersey, brings this *pro se* petition under 28 U.S.C. § 2255 challenging the amended judgment entered on May 22, 2007 in *United States v. Riggo*, No. 00-CR-1118-14 (JSR). (Cr. Dkt. No. 653).[1] On November 6, 2015, the Court issued an order directing Stango to file an "affirmation for timeliness" to show cause as to why his petition should not be denied as time-barred. (Dkt. No. 4)

On November 19, 2015, Stango filed his affirmation and the Court has reviewed it. (Dkt. No. 5). For the following reasons, I recommend that Stango's petition be denied as untimely.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on behalf of a "prisoner in custody under sentence of a court established by Act of Congress

---

[1] The Court refers to entries on the criminal docket as "Cr. Dkt. No." and entries on the civil docket as "Dkt. No."

1

claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. § 2255(a). Under Rule 4 of the Rules Governing § 2255 Proceedings, the Court has the authority to review and dismiss a Section 2255 petition without ordering a responsive pleading "[i]f it plainly appears from the [petition and] any attached exhibits . . . that the [petitioner] is not entitled to relief in the district court." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000) (court may *sua sponte* raise untimeliness of habeas petition); *see also Spinale v. United States*, 277 F. App'x 108, 109 (2d Cir. 2008) (applying rule to Section 2255 petition). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (liberal construction of *pro se* habeas petition under Section 2255 appropriate). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized

2

by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

## BACKGROUND

On March 14, 2003, Stango pled guilty to racketeering in violation of 18 U.S.C. § 1962(d). Then-Chief Judge Michael Mukasey sentenced him as a career offender to 156 months' imprisonment.

On September 8, 2005, Stango brought a Section 2255 petition *pro se*, challenging his sentence on the ground that his prior state conviction for transportation of a controlled substance in California should not have been used to qualify him for a career offender sentence enhancement. *Stango v. United States*, No. 05-CV-7850 (AJP). He also asserted that his attorney had been ineffective for failing to attack this enhancement. The Government thereafter consented to vacatur of the sentence to address any prejudice caused by defense counsel's failure to investigate whether the California conviction was an adequate predicate for career offender status. Accordingly, the petition was granted, and the judgment was vacated. (Cr. Dkt. Nos. 639, 640).

On May 10, 2007, Stango was resentenced, and the Court entered an amended judgment on May 22, 2007. (Cr. Dkt. No. 653). The Court's docket does not indicate that Stango appealed from the amended judgment. Stango was represented by counsel for the majority of his prior Section 2255 petition, including the resentencing.

## DISCUSSION

Stango placed the current Section 2255 petition in the prison mail collection box on October 14, 2015, more than eight years after the amended judgment became final.[2] *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). In its November 5, 2015 order, the Court directed Stango to provide any basis for equitably tolling the one-year statute of limitations governing Section 2255 petitions and explained that to qualify for equitable tolling, Stango must allege that his failure to make a timely filing was the result of "rare and exceptional" circumstances that could not be overcome despite reasonably diligent efforts to do so. *See Green*, 260 F.3d at 82-83 ("rare and exceptional" circumstances may warrant tolling statute of limitations for Section 2255 petitions) (quotation omitted).

In his November 19, 2015 affirmation, Stango asserts that the statute of limitations should be equitably tolled because he was denied effective assistance of counsel as guaranteed by the Sixth Amendment. Stango argues that his "attorney should have argued the fact that [his] federal indictment not only violated the time

---

[2] Because Stango is "representing himself, he benefits from the 'prison mailbox rule,' which provides that a petition is deemed filed on the day it is handed to the prison officials for mailing." *Florio v. Cuomo*, No. 10-CV-0998 (SHS) (JLC), 2010 WL 5222123, at *2 (S.D.N.Y. Nov. 16, 2010) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)), adopted by, 2011 WL 223217 (S.D.N.Y. Jan. 24, 2011). Accordingly, even though Stango's petition was not filed until October 28, 2015, it is considered to be filed on October 14, 2015, the day he signed it (and presumably gave it to prison officials for mailing).

4

limitations specified in 18 U.S.C. 3282, but [that] it also violated the (5th amendment; double jeopardy) longstanding federal policy against multiple prosecutions for the same act." Affirmation of Charles Stango dated November 19, 2015, at 2 ("Stango Aff.") (Dkt. No. 5). The affirmation then outlines a purported legal claim for habeas relief on these grounds. *Id.*

Stango's affirmation does not present any explanation for why he failed to file a subsequent habeas petition after an amended judgment was entered on May 22, 2007. Instead, it sets out attorney errors that allegedly occurred prior to the start of the statute of limitations period: those related to Stango's previous Section 2255 petition and the underlying criminal proceedings. Even if the Court liberally construes Stango's affirmation as a bare statement that attorney misconduct led him to wait more than eight years before filing a subsequent petition, Stango has not alleged, nor does the record demonstrate, that he continued to be represented by counsel after the conclusion of his resentencing and throughout the 365 days that he had to file his Section 2255 petition. Nor does he substantively explain how that attorney misconduct resulted in "rare and exceptional" circumstances that prevented him from timely filing a petition, either with other counsel or *pro se*. Consequently, Stango has failed to demonstrate any basis for equitably tolling the statute of limitations.

Stango appears to assert additionally that, following the alleged attorney misconduct, he diligently pursued legal avenues for relief but did not discover any new basis for a habeas claim until years later. Specifically, he states as follows:

5

"Fortunately, my diligent quest for legal assurance has eventually resulted in my discovery of evidence in regards to my federal-state prosecutions, as well as other relevant issues to support my 2255 motion." Stango Aff. at 2. Interpreted liberally, Stango may be arguing that he is entitled to a later date as the start of the statute of limitations period under Section 2255(f)(4): "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Nevertheless, this claim is meritless because Stango's description of his "diligent quest for legal assurance" outlines his discovery only of a new legal theory, not any new facts. This new legal theory, if there is one, cannot be the basis for relief under the already high standard for newly-discovered facts. *See, e.g., Rivas v. Fischer*, 687 F.3d 514, 534-35 (2d Cir. 2012) (discussing the parallel statute of limitations governing Section 2254 petitions and stating that a discovery that would warrant a later statute of limitations start date "consists only of the 'vital facts' underlying the claim . . . without which the claim would necessarily be dismissed . . . ."); *Garcia v. United States*, 13-CV-3040 (GHW), 2014 WL 6632969, at *7 n.2 (S.D.N.Y. Nov. 24, 2014) (applying *Rivas* to Section 2255 petition). Moreover, Stango does not identify any new evidence to support his claim of equitable tolling. Accordingly, Stango's petition is untimely under Section 2255(f)(1), and any attempt to establish a later accrual date under Section 2255(f)(4) is unavailing.

## CONCLUSION

For the reasons discussed above, the Court recommends that the petition be denied as barred by the applicable statute of limitations.

## PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 15, 2015
New York, New York

JAMES L. COTT
United States Magistrate Judge

**A copy of this Report and Recommendation has been mailed to:**

Charles Stango
J201504732
Essex County Correctional Facility
2015-264981
354 Doremus Ave
Newark, NJ 07105